### In re the GATOR CORPORATION SOFTWARE TRADEMARK & COPYRIGHT LITIGATION

### No. 1517.

Judicial Panel on Multidistrict Litigation.

April 22, 2003.

Before WM. TERRELL HODGES, Chairman, JOHN F. KEENAN, BRUCE M. SELYA, JULIA SMITH GIBBONS, D. LOWELL JENSEN, J. FREDERICK MOTZ and ROBERT L. MILLER, Jr., Judges of the Panel.

### TRANSFER ORDER

WM. TERRELL HODGES, Chairman.

This litigation presently consists of the nine actions listed on the attached Schedule A and pending in six districts: three actions in the Northern District of California, two actions in the Northern District of Georgia, and one action each in the Southern District of Florida, the Western District of North Carolina, the District of Oregon, and the District of South Carolina.[1] The Gator Corporation (Gator), which is either the plaintiff or the defendant in all MDL–1517 actions, moves the Panel, pursuant to 28 U.S.C. § 1407, for centralization of the actions in the Northern District of California. All other parties in this litigation oppose transfer. In the event the Panel determines to order centralization, then subsets of these oppo-

---

1. The Section 1407 motion as originally filed with the Panel pertained to three additional actions: *Gator.com Corp. v. L.L. Bean, Inc.*, N.D. California, C.A. No. 3:01–1126 (*Bean*); *Gator.com Corp. v. Virtumundo, Inc.*, N.D. California, C.A. No. 3:01–3167 (*Virtumundo*); and *WashingtonPost.Newsweek Interactive Co., LLC., et al. v. The Gator Corp.*, E.D. Virginia, C.A. No. 1:02–909 (*WashingtonPost*). Movant has subsequently notified the Panel that its request for transfer with respect to the *Virtumundo* and *WashingtonPost* actions is moot because those actions have been settled and dismissed in their respective districts. Section 1407 transfer is also moot with re-

spect to the *Bean* action, as it was ordered dismissed in November 2001. An appeal of that dismissal has been taken and is awaiting resolution. If the disposition of the appeal results in the reopening of *Bean* in the district court, the action may, in light of the Panel's disposition of this docket, be treated as a potential tag-along action. *See* Rules 7.4 and 7.5, R.P.J.P.M.L., 199 F.R.D. 425, 435–36 (2001). Finally, the Panel has also been notified of one related action pending in the District of New Jersey. This action will also be treated as a potential tag-along action in accordance with the Panel's Rules. *Id.*

nents to transfer have suggested the Central or Northern District of California, the Eastern District of Virginia, or the Northern District of Georgia as transferee forum.

■ On the basis of the papers filed and hearing session held, the Panel finds that the actions in this litigation involve common questions of fact and that centralization in the Northern District of Georgia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All MDL–1517 actions present common, complex legal and factual questions concerning whether the computer advertising network operated by Gator functions in such a way as to constitute trademark and/or copyright infringement. Centralization under Section 1407 with respect to these actions is thus necessary in order to eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.

Some opposing parties suggest that transfer should be denied because voluntary alternative coordinating efforts are preferable to Section 1407 transfer. While we applaud every cooperative effort undertaken by parties to any litigation, we observe that transfer under Section 1407 has the salutary effect of placing all actions in this docket before a single judge who can formulate a pretrial program that: 1) allows discovery with respect to any non-common issues to proceed concurrently with discovery on common issues, *In re Smith Patent Litigation*, 407 F.Supp. 1403, 1404 (Jud.Pan.Mult.Lit.1976); and 2) ensures that pretrial proceedings will be conducted in a manner leading to the just and expeditious resolution of all actions to the overall benefit of the parties.

■ Given the range of locations of parties and witnesses in this docket and the geographic dispersal of pending actions, it is clear that an array of suitable transferee districts exists. In concluding that the Northern District of Georgia is an appropriate forum for this docket, we note that several of the actions are already pending in the southeastern United States. Furthermore, centralization in the Georgia forum permits the Panel to effect the Section 1407 assignment to an accessible metropolitan court that i) is not currently overtaxed with other multidistrict dockets, and ii) possesses the necessary resources and expertise to be able to devote the time and effort to pretrial matters that this docket is likely to require.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. § 1407, the actions listed on the attached Schedule A and pending outside the Northern District of Georgia are transferred to the Northern District of Georgia and, with the consent of that court, assigned to the Honorable J. Owen Forrester for coordinated or consolidated pretrial proceedings with the actions pending in that district and listed on Schedule A.

### SCHEDULE A

*MDL–1517—In re The Gator Corporation Software Trademark & Copyright Litigation*

*Northern District of California*

*The Gator Corp. v. Extended Stay America, Inc.*, C.A. No. 3:02–5226

*The Gator Corp. v. PriceGrabber.com, Inc.*, C.A. No. 3:02–5834

*The Gator Corp. v. TigerDirect, Inc.*, C.A. No. 3:02–5875

*Southern District of Florida*

*TigerDirect, Inc. v. The Gator Corp.*, C.A. No. 1:02–23615

*Northern District of Georgia*

*United Parcel Service of America, Inc. v. The Gator Corp.*, C.A. No. 1:02–2639

Six Continents Hotels, Inc., et al. v. The Gator Corp., C.A. No. 1:02–3065

*Western District of North Carolina*

Lendingtree, Inc. v. The Gator Corp., C.A. No. 3:02–519

*District of Oregon*

The Gator Corp. v. L.L. Bean, Inc., C.A. No. 3:01–1713

*District of South Carolina*

Extended Stay America, Inc. v. The Gator Corp., C.A. No. 7:02–3845